UNITED STATES of America,
Plaintiff–Appellant,

v.

David Joseph BERLIER,
Defendant–Appellee.

No. 90–10376.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 1991.

Decided Oct. 31, 1991.

_____

Kent Walker, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellant.

John D. Randolph, Walnut Creek, Cal., for defendant-appellee.

Before WALLACE, Chief Judge, and GOODWIN and FLETCHER, Circuit Judges.

GOODWIN, Circuit Judge:

The government appeals a downward departure from the Guideline sentence in this case of a repentant white collar embezzler who made restitution and pled guilty.

David Joseph Berlier's Pre–Sentence Report calculated the adjusted offense level at 16, less two levels for acceptance of responsibility, leading to a level of 14. The resulting sentencing range was 15–21 months imprisonment and a fine. At sentencing, the district court departed downward from this Guideline range and sentenced Berlier to straight probation and a fine. The government appeals under 18 U.S.C. § 3742(b) (1988), arguing that none of the reasons given by the district court was a proper ground for departure. We reverse and remand for resentencing.

## I. *Effect of Embezzlement Statute*

 Berlier argues that we should affirm his sentence because the trial judge imposed a sentence within the range specified in the embezzlement statute, and the more lenient range of sentencing authorized by the embezzlement statute preempts the range authorized by the Sentencing Guidelines. The embezzlement statute authorizes a maximum sentence of a $1 million fine or 20 years in prison or both, but does not specify a minimum sentence. *See* 18 U.S.C. § 657 (West Supp. 1990). Berlier argues that the statute's failure to specify a minimum sentence implies that the minimum sentence is no prison term, and that this minimum term of no imprisonment controls over the minimum sentence specified in the Guidelines. Berlier concludes that it was therefore proper for the district court to impose a sentence without a prison term.

In *United States v. Sharp*, 883 F.2d 829 (9th Cir.1989), this court held that when a court departs from the Guidelines, the court may not impose a sentence below the minimum specified in the statute governing the particular offense. *Id.* at 831 ("[W]hen a statute *requires* a sentence different than that set by the guidelines, the statute controls.") (emphasis added); *see also* United States Sentencing Commission, *Guidelines Manual*, § 5G1.1.(c) (Nov.1989) (U.S.S.G.) (a Guideline sentence may not be less than a statutorily required minimum sentence). *Sharp* stands for the proposi-

tion that a statute controls over the Guidelines when the two conflict. When there is no conflict, however, the Guidelines control. *See* 18 U.S.C. § 3551(b) (1988) (requiring that an individual found guilty of an offense "shall be sentenced" according the provisions of 18 U.S.C. § 3553, the sentencing Guidelines section). To hold, as Berlier suggests, that the *silence* of a statute regarding a mandatory minimum creates a conflict with the Guidelines and requires the Guidelines to be preempted would invalidate Guideline sentences in the majority of cases. This could not have been the intent of Congress.

Since the embezzlement statute does not require a sentence different from that in the Guidelines, no conflict exists between the embezzlement statute and the Guidelines. Thus, the Guidelines alone determine Berlier's sentence.

## II. *Downward Departure*

■ We review departures from the Sentencing Guidelines under the three-step process established in *United States v. Lira–Barraza*, 941 F.2d 745 (9th Cir.1991) (en banc). First, we review whether the trial court had the legal authority to depart. *Id.*, 941 F.2d at 746. A trial court may depart from the Guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission...." 18 U.S.C. § 3553(b) (1988). Whether the Commission adequately considered a particular circumstance is a question of law that we review *de novo*. *See Lira–Barraza*, 941 F.2d at 746. We do not reach the other steps in the *Lira–Barraza* process, because we hold that there is not a circumstance in this case that would warrant the district court departing from the Guidelines. Therefore, the district court did not have the legal authority to depart from the Guidelines.

The district court listed the following reasons for departing from the Sentencing Guidelines: (1) Berlier's lack of a prior record; (2) Berlier's prompt total payment of restitution; (3) Berlier's acceptance of responsibility; (4) the effort to keep the family together, the challenges that Berlier and his family faced, and the manner in which they overcame those challenges; (5) how unfair and counterproductive a period of incarceration would be given the effort these people have made to put their lives back together; (6) the totality of the situation. We analyze each factor in turn to decide whether the circumstance was adequately considered by the Sentencing Commission.

### 1. Berlier's lack of a prior record

■ The Commission considered criminal history and provided that first-time offenders should be classified in Criminal History Category I. *See* U.S.S.G. §§ 4A1.1, 5A. Berlier justifies the downward departure by arguing that because Category I can include persons who have been repeatedly arrested without conviction or who have had conviction records sealed, the Commission did not adequately consider the difference in degree between such persons and a person like him who had "an absolutely clean prior record." The express language of the Guidelines demonstrates that the Commission did adequately consider situations such as Berlier's and that Berlier's lack of criminal history cannot form the basis for a downward departure: "The lower limit of the range for a Category I criminal history is set for a first offender with the lowest risk of recidivism. Therefore, *a departure below the lower limit* of the guideline range for a Category I criminal history on the basis of the adequacy of criminal history *cannot be appropriate.*" U.S.S.G. § 4A1.3, p.s. (emphasis added).

### 2. Berlier's prompt total payment of restitution

■ Berlier received a two-level reduction in his offense level for acceptance of

responsibility, based in part on the fact that he made full restitution. The Sentencing Commission explicitly included the payment of restitution as a factor to be considered in granting the reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1, comment. (n. 1(b)). Nevertheless, Berlier argues that his responsible actions and hard work in making restitution are sufficiently unusual to allow a downward departure.

Berlier has made no showing that his payment of restitution is of a degree not adequately considered by the Commission. Berlier received sufficient credit for this circumstance when he received his two-level reduction for acceptance of responsibility.

3. Berlier's acceptance of responsibility

■ The district court also cited Berlier's acceptance of responsibility as a basis for downward departure, even though Berlier had already received the two-level adjustment provided for in the Guidelines for acceptance of responsibility. This circuit has not considered whether "super-acceptance of responsibility" generally, or extraordinary circumstances relating to one of the enumerated factors under § 3E1.1, can support a downward departure beyond the two-level downward adjustment. We need not reach that question, however, because nothing in the record before us suggests that Berlier took any action beyond what is normally encompassed within the acceptance of responsibility finding. Acceptance of responsibility, therefore, cannot form the basis for a downward departure in this case.

4. The effort to keep the family together and the manner in which the family overcame its challenges

■ Berlier argues that his efforts to keep his family together are sufficiently unusual to justify a downward departure.

The Guidelines expressly state that "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.6, p.s. The Commission considered family ties, was aware that those ties could be affected by prison sentences, and declared that family ties ordinarily should not be a factor in departing from Guideline Sentences.

Other courts have refused to permit departures based on family circumstances that some might consider more poignant than those found in this case. *See, e.g., United States v. Pozzy,* 902 F.2d 133, 138–39 (1st Cir.) (downward departure not permissible even if defendant was likely to give birth while in prison), *cert. denied,* —— U.S. ——, 111 S.Ct. 353, 112 L.Ed.2d 316 (1990); *United States v. Brand,* 907 F.2d 31, 33 (4th Cir.) (downward departure not proper even where defendant was sole custodial parent), *cert. denied,* —— U.S. ——, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990). As in *Brand,* Berlier " 'has shown nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts spousal and parental relationships....' " *Id.* at 33 (quoting *United States v. Daly,* 883 F.2d 313, 319 (4th Cir. 1989)).

5. Incarceration as unjust and counterproductive

■ To the extent that this factor refers to the degree of Berlier's family ties, it is subsumed within our analysis in the previous section. The district court did not identify any separate circumstance that was not adequately considered by the Commission. In the absence of such identification, a general statement about the injustice of imprisonment in this case is not a sufficient basis for departure.

6. The totality of the situation

■ Berlier does not argue that a court may base a departure on a combination of

factors, each of which would have been impermissible as a ground of departure considered alone. Rather, he argues that the factors in his case are permissible grounds for departure, but that even if no one factor, taken alone, would justify the departure, the factors considered together justify the departure.

This court recently observed by way of dictum that "a unique combination of factors may constitute the 'circumstance' that mitigates." *United States v. Cook*, 938 F.2d 149, 153 (9th Cir.1991). In the present case, we do not have a "unique combination of factors." The factors in this case, even viewed together, do not justify a downward departure. All of the factors were considered by the Commission in preparing the Guidelines and in preparing the commentary to the Guidelines. Thus, even had the *Cook* dicta been law, it would not have affected our analysis in this case. The district court erred in departing downward from the Guideline sentencing range, and we remand for resentencing within the appropriate Guideline range.

VACATED AND REMANDED.