967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Conrado Rodriguez ACOSTA, Defendant-Appellant.
 No. 91-50647.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Conrado Rodriguez Acosta appeals from his sentence, imposed following a guilty plea, for conspiracy to import marijuana in violation of 21 U.S.C. §§ 952, 960, and 963. Acosta contends that the district court erred by sentencing him at the upper end of the applicable range under the United States Sentencing Guidelines (Guidelines) rather than to the statutory mandatory minimum term of imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 "[A] statute controls over the Guidelines when the two conflict. When there is no conflict, however, the Guidelines control." United States v. Berlier, 948 F.2d 1093, 1094-95 (9th Cir.1991). Where the Guideline range falls within the statutory range, there is no conflict and the Guideline range is controlling. Id. at 1095. "[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence--(1) is not greater than the statutorily authorized maximum sentence, and (2) is not less than any statutorily required minimum sentence." U.S.S.G. § 5G1.1(c).
 
 
 4
 Here, Acosta pleaded guilty to an offense carrying a statutory term of five to forty years imprisonment. The applicable Guidelines range was 57-71 months imprisonment. Because the statutory minimum, 60 months, was higher than the low end of the Guidelines range, the district court could not sentence Acosta to less than 60 months imprisonment. There is no conflict, however, between the high end of the Guidelines range, 71 months, and the statutory maximum, forty years. Consequently, the applicable Guidelines range was 60-71 months, and Acosta's 71 month sentence is valid. See U.S.S.G. § 5G1.1(c) and comment.; see also Berlier, 948 F.2d at 1095.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3