988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Tyrone CADLE, Defendant-Appellee.
 No. 92-50387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 26, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-0945-RMT-1; Robert M. Takasugi, District Judge, Presiding.
 C.D.Cal.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the district court's downward departure from the applicable Sentencing Guidelines sentencing range. Cadle pleaded guilty to transferring three unregistered silencers, in violation of 18 U.S.C. 5861(e), on two different occasions. The government contends that the district court erred by determining that Cadle's repeated sales of silencers constituted aberrant behavior and that Cadle's family situation was extraordinary. In the alternative, the government contends that the departure from a sentencing range of 27 to 33 months' imprisonment to a sentence of 3 years' supervised release was unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and we vacate and remand.
 
 
 3
 We review de novo whether the district court had legal authority to depart. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). We review for clear error its factual findings supporting the existence of the circumstance justifying departure. Id. The reasonableness of the extent of departure is reviewed for an abuse of discretion. Id. at 750.
 
 
 4
 In departing downward, the district court relied on a combination of its finding of aberrant behavior and extraordinary family circumstances. A "unique combination of factors" may constitute an aggravating or mitigating circumstance justifying a downward departure. United States v. Anders, 956 F.2d 907, 911 (9th Cir.1992); United States v. Cook, 938 F.2d 149, 153 (9th Cir.1991). However, the factual findings relating to permissible factors must be based on "the necessary quantum of evidence to survive the clearly erroneous standard of review." Anders, 956 F.2d at 914.
 
 
 5
 * Aberrant Behavior
 
 
 6
 The government contends that Cadle's repeated sales of silencers over a three month period cannot constitute aberrant behavior. This argument is persuasive.
 
 
 7
 A first offense may constitute a "single act of truly aberrant behavior" justifying a downward departure. United States v. Dickey, 924 F.2d 836, 838 (noting that "first offense" and "aberrant behavior" are not synonymous); see also U.S.S.G. Ch. 1, Part A, Introduction, para. 4(d) ("[t]he Commission ... has not dealt with the single acts of aberrant behavior that still may justify probation at higher offense levels through departures"). A whole series of actions leading up to a final criminal act may constitute a "single act" for the purposes of determining aberrant behavior. United States v. Takai, 941 F.2d 738, 743 (9th Cir.1991) (two crimes of forming conspiracy and offering money so closely related as to make one single act). However, departure is not available to a first time offender who has been convicted of unrelated offenses or who has been found to be a "regular participant in an on-going criminal enterprise." United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992).
 
 
 8
 Here, Cadle pleaded guilty to transferring three unregistered silencers on July 23, 1991, and another three unregistered silencers on October 9, 1991. The two offenses were not one isolated criminal act, but unrelated offenses. See Morales, 972 F.2d at 1011. Further, evidence in the record suggests that Cadle was a regular participant in an on-going criminal enterprise.[1] Id.
 
 
 9
 Because Cadle's offenses did not constitute a single criminal act, we conclude that the district court clearly erred by relying on this factor to justify downward departure. Lira-Barraza, 941 F.2d at 746; Morales, 972 F.2d at 1011.
 
 II
 Family Circumstances
 
 10
 The government contends that while Cadle's family situation is sympathetic, it is not so extraordinary as to justify a downward departure. We disagree and hold that the district court did not clearly err by relying on this factor.
 
 
 11
 18 U.S.C. § 3553(b) provides that a sentencing court shall impose a sentence within the applicable Sentencing Guidelines range absent "an aggravating or mitigating circumstance" not taken into consideration by the Sentencing Commission. The Guidelines state that "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guideline range." U.S.S.G. § 5H1.6 (policy statement); see also United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991) (defendant's efforts to keep family together not relevant). Nevertheless, extraordinary family circumstances may exist that justify departure. United States v. Mondello, 927 F.2d 1463, 1470 (9th Cir.1991).
 
 
 12
 At sentencing, Cadle argued that his relationship with his wife was extraordinary in light of her extreme emotional and psychological dependence on him. A psychiatrist who had examined his wife testified that she suffers from severe anxiety disorder. During episodes of extreme anxiety, she imagines hearing voices and seeing little people or ants. She relies exclusively on her husband to calm her anxiety, and he carries a beeper so that he can be reached whenever she needs him. In departing downward, the district court relied on its conclusion that no other family member could provide Cadle's wife with the necessary emotional support.[2] Such extreme emotional and psychological dependence by a family member on a defendant was not considered by the Sentencing Commission and may constitute an extraordinary circumstance justifying departure. See U.S.S.G. § 5H1.6; Mondello, 927 F.2d at 1470. Further, in light of the evidence of the extreme nature of the wife's reliance on Cadle, we hold that the district court did not clearly err in its factual finding that extraordinary circumstances exist in this case. See Lira-Barraza, 941 F.2d at 746; Mondello, 927 F.2d at 1470.
 
 
 13
 Because we hold that the district court's factual finding of aberrant behavior in this case was clearly erroneous, downward departure based on a combination of aberrant behavior and extraordinary family circumstances was not warranted. See Anders, 956 F.2d at 914; Cook, 938 F.2d at 153.
 
 
 14
 Accordingly, we vacate and remand for resentencing. See Williams v. United States, 112 S.Ct. 1112, 1112 (1992) (remand appropriate where reviewing court concludes, on the record as a whole, that consideration of the erroneous factor was not harmless); United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992) (same). The district court may wish to consider whether and to what extent departure was warranted on the basis of extraordinary family circumstance alone.
 
 
 15
 In addition, we note that the district court failed to provide a statement of reasons for the extent of departure. In order to determine the reasonableness of a sentence, we must examine the district court's "reasoned explanation of the extent of departure founded on the structure, standards and policies of the [Sentencing Reform] Act and Guidelines." Lira-Barraza, 941 F.2d at 751. Upon remand, we request that the district court provide a statement of reasons for the extent of any departure it may grant.
 
 
 16
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cadle acknowledged his involvement in the operation of manufacturing and assembling silencers. He purchased raw materials and brought them to a designated shop where his machinist friends would machine the materials into the components necessary to manufacture silencers. He then would assemble the machine components into finished silencers
 
 
 [2]
 The district court stated:
 What we have here is a situation which justifies this court's conclusion that the fact situation presented here is not a matter which has been adequately taken care of or considered by the Sentencing Commission.
 We have Mrs. Cadle, who is obviously in need of treatment and in need of treatment immediately to take care of her condition as expressed by the expert witness who testified, and we are aware of the fact that Mrs. Cadle does have family, but she has not disclosed or divulged her problems with that family, which seems to suggest that at least from her subjective viewpoint Mr. Cadle is the individual that she relies on.... Mrs. Cadle relies on him even to the point where she beeps him whenever he is not at home, and that he in turn provides her with a significant amount of assistance and help with respect to her mental problems. This is not to say that the family would not take care of Mrs. Cadle's financial problems, but I think we are talking about something a little different, to wit, the emotional problem.