996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore Peter WEIDANZ, Defendant-Appellant.
 No. 92-50338.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1993.
Decided July 2, 1993.
 
 1
 Before: BROWNING, HUG, and KOZINSKI, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 The parties are familiar with the facts and issues presented and we will not restate them here.
 
 I.
 
 4
 Weidanz waived his claim that he was entitled to a departure on the basis of his "youthful lack of guidance" by failing to raise it in the district court. United States v. Quesada, 972 F.2d 281, 283-83 (9th Cir.1992). Weidanz's contention that the district court should depart based upon his low likelihood of recidivism was properly rejected since his low likelihood of recidivism was already taken into account by application of Criminal History Category I. United States v. Berlier, 948 F.2d 1093, 1095 (9th Cir.1991).
 
 II.
 
 5
 Two of Weidanz's contentions require a remand for resentencing. First, the district court erroneously concluded that it could not depart on the basis of Weidanz's extraordinary acceptance of responsibility. "The mere existence of section 3E1.1(a) does not preclude the sentencing court from making an additional departure in the case where the defendant manifests an extraordinary acceptance of responsibility." United States v. Brown, 985 F.2d 478, 482 (9th Cir.1993). Second, while Weidanz may not have been entitled to a downward departure on the basis of his role in the offense, the district court failed to consider whether Weidanz was entitled to a downward adjustment under U.S.S.G. § 3B1.2 in light of the amendment to U.S.S.G. 1B1.3, which allows the sentencing court to consider all relevant conduct in determining a defendant's role in the offense. United States v. Webster, No. 90-50699, Slip Op. 6075 (9th Cir. June 11, 1993).
 
 
 6
 REVERSED and REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3