5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Martin ACUNA-LOPEZ, Defendant-Appellant.
 No. 92-10570.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1993.
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CR92-241-TUC-WDB, William Fremming Nielsen, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before SNEED, POOLE and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Martin Acuna-Lopez appeals his sentence and conviction for conspiracy to possess marijuana with the intent to distribute in violation of 21 U.S.C. Secs. 846 & 841(a)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 On March 16, 1992, appellant and a Mr. Manuel Alvarez-Rodriguez (Alvarez), negotiated with government agents for the purchase of a large quantity of marijuana. An agreement was then reached regarding the purchase of 1393 pounds of marijuana at a price of $850 per pound. Delivery could not be arranged for March 16, so it was agreed that the transaction would occur on March 17.
 
 
 4
 On March 17, as the agents approached the house to consummate the purchase, Alvarez opened the door to the house. At that time other agents arrested Lopez and Alvarez, and conducted a security sweep or protective sweep of the house. In a bedroom closet, 205 pounds of marijuana was found.
 
 
 5
 Lopez and Alvarez were indicted for conspiracy to possess and possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. Secs. 846 & 841(a)(1).[1] Lopez' motion to suppress was denied, and he was found guilty of conspiracy following a jury trial and sentenced to 41 months in the custody of the Bureau of Prisons, and 3 years of supervised release. He now appeals the denial of the motion to suppress, as well as his sentence. We affirm.
 
 ANALYSIS AND DISCUSSION
 I. Appellnat's Standing
 
 6
 The government argues for the first time on appeal that appellant had no legitimate expectation of privacy in Alvarez' house, and therefore lacks standing to contest the search. Appellant argues that the Government has waived any objection to his standing to challenge the search since it did not contest his standing before the district court, and that in any event he had standing under United States v. Padilla, 960 F.2d 854 (9th Cir.1992), rev'd 113 S.Ct. 1936 (1993).
 
 
 7
 We have held that defendants have the burden of establishing Fourth Amendment standing to object to a search, and thus "must show standing even if the government has not pressed the issue in the district court." United States v. Robertson, 833 F.2d 777, 779 (9th Cir.1987). The government can waive the right to challenge standing, but only if it has failed to properly raise the issue on appeal, United States v. Wanless, 882 F.2d 1459, 1463 n. 4 (9th Cir.1989), or if it assented to contrary findings of fact. United States v. Taketa, 923 F.2d 665, 670 (9th Cir.1991). Where, as in this case, the defendant appeals a suppression motion that was denied, "[t]he burden of demonstrating that the evidence should have been suppressed is upon the appellant[ ]." Id. Thus, the government has not waived the issue and Lopez must show that he had a reasonable expectation of privacy in Alvarez' house.
 
 
 8
 Lopez argues that standing was established through the showing that Alvarez was the tenant of the home, that Lopez was present in the home, and that on the government's version of the facts Lopez was a principal coconspirator. The "coconspirator exception" to the standing rule upon which Lopez relies, however, has been rejected by the Supreme Court. United States v. Padilla, 113 S.Ct. 1936, 1939 (1993). Lopez also makes reference to Minnesota v. Olson, 495 U.S. 91 (1990), as supporting standing, but there is no evidence whatsoever that Lopez had "significant connections" with the house necessary to make him a "guest" in Alvarez' home. United States v. Davis, 932 F.2d 752, 757 n. 3 (9th Cir.1991). To the contrary, there was evidence that nothing could be found to connect Lopez to the house. Thus, Lopez has failed to establish an expectation of privacy in Alvarez' house which would lend him standing to contest the search.
 
 
 9
 II. Denial of "Minor" or "Minimal" Participant Decrease
 
 
 10
 This court reviews for clear error the district court's decision on whether a defendant is a minor or minimal participant in a criminal offense. United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990). The district court denied Lopez a reduction, finding that Lopez was deeply involved in negotiating the transaction, and had knowledge of all the terms and conditions of purchase and delivery. This finding is supported by the evidence adduced at trial. Because Lopez was deeply involved in the conspiracy, and was not substantially less culpable than the average participant, there was no clear error in the determination that Lopez was not a minor or minimal participant. See United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991).
 
 
 11
 Lopez finally argues that by not giving him an adjustment for a lesser role, despite the fact that the jury had acquitted him of the possession of marijuana charge, the court violated "the spirit of United States v. Brady, 928 F.2d 844 (9th Cir.1991)." The issue presented here, however, in no way implicates the holding of Brady, because the jury's acquittal of Lopez on the possession count is not inconsistent with a finding that Lopez was deeply involved in the conspiracy.
 
 
 12
 III. Downward Departure for "Aberrant" Behavior
 
 
 13
 Appellant argues that prior to his commission of this crime, he was a good citizen. As such, he contends that the sentencing court could have departed downward from the guidelines range on the basis that the crime for which he was convicted constituted "aberrant behavior." Our review of the record belies appellants contention that the district court was unaware of its authority to depart downward on this basis. Appellant had briefed the possibility of such grounds for departure to the court, and the court made reference during sentencing to our line of cases discussing that authority. Appellant argues that certain comments made at a later point in the hearing indicate that the court believed it had no authority to depart. Taken in context, however, the court's statements show only that the court did not believe an "aberrant behavior" departure was warranted on the facts of this case. Because the district court exercised its discretion in refusing to depart downwards from the Guidelines, its refusal to depart is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990).
 
 
 14
 Although "extraordinary" family circumstances might warrant a downward departure, see United States v. Mondello, 927 F.2d 1463, 1470 (9th Cir.1991), appellant has shown "nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts spousal and parental relations." United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991) (quotation omitted); see also United States v. Miller, 991 F.2d 552, 553 (9th Cir.1993). Thus, the district court did not err in concluding that Lopez' family circumstances could not justify a departure.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alvarez pleaded guilty to the possession count on June 11