28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis MORA-AVALOS, Defendant-Appellant.
 No. 92-10239.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Mora-Avalos appeals the 135-month sentence imposed following his entry of a guilty plea to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846.
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Mora-Avalos' attorney filed a request to withdraw as counsel of record and submitted a brief identifying three potential issues for review: the district court erred by (1) denying Mora-Avalos a reduction under U.S.S.G. Sec. 3B1.2(b) based on his mitigating role in the offense of conviction, (2) including a prior conviction for driving without a license in his criminal history calculation, and (3) determining that it was without discretion to depart downwards based on Mora-Avalos' difficult financial and family circumstances. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 Because the factual stipulation in support of the guilty plea reveals that Mora-Avalos and his codefendant were approximately equally culpable, we conclude that the district court did not clearly err by denying a minor participant downward adjustment to Mora-Avalos. See United States v. Hoac, 990 F.2d 1099, 1106 (9th Cir.1993).
 
 
 5
 The government's proof of the fact of the Mora-Avalos' 1985 California conviction for driving without a license, absent any proffer by Mora-Avalos that the conviction was constitutionally infirm, was sufficient to include that prior conviction in Mora-Avalos' criminal history calculation. See United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990).
 
 
 6
 Finally, mere financial difficulty and separation from family members who rely on Mora-Avalos are insufficient reasons to justify downward departure in the instant case. See United States v. Gardner, 988 F.2d 82, 84 (9th Cir.1993) (defendant's poverty did not rise to the level of coercion or duress required to justify departure under U.S.S.G. Sec. 5K2.12); United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991) (absent extraordinary circumstances, family responsibilities insufficient to justify departure).
 
 
 7
 The motion of counsel to withdraw is GRANTED and the sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3