34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albertino BUSTOS-SOLANO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margarito PENALOZA-BUSTOS, Defendant-Appellant.
 Nos. 93-30014, 93-30020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 12, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albertino Bustos-Solano (Albertino) and Margarito Penaloza-Bustos (Margarito) appeal their respective 21- and 30-month sentences imposed following entry of their guilty pleas to distribution of heroin in violation of 21 U.S.C. Sec. 841(a)(1). We affirm Margarito's sentence, and remand Albertino's case to the district court for further proceedings.
 
 
 3
 * Acceptance of Responsibility
 
 
 4
 The district court granted Albertino a two-level downward adjustment under section 3E1.1(a) of the Sentencing Guidelines for acceptance of responsibility, but denied his request for an additional one-level adjustment under section 3E1.1(b)(2) because he had filed numerous pretrial motions. Albertino contends the district court erred by denying him the additional one-level adjustment.
 
 
 5
 We recently held that a defendant may not be denied the additional reduction under section 3E1.1(b)(2) because he filed pretrial motions in the exercise of his constitutional rights:
 
 
 6
 The denial of a reduction under subsection (b)(2) is impermissible if it penalizes a defendant who has exercised his constitutional rights.... Because constitutionally protected conduct should not be considered against the defendant for purposes of an acceptance of responsibility reduction, ... a defendant's exercise of those rights at the pretrial stage should not in and of itself preclude a reduction for timely acceptance....
 
 
 7
 If the Government establishes that it prepared for trial in conjunction with responding to pretrial motions, denial of the reduction may be justified. However, where the record reflects only the Government's efforts in responding to such motions, ... then the trial court may not deny the additional reduction for timely acceptance simply because a defendant vigorously defended a motion to suppress....
 
 
 8
 United States v. Kimple, No. 92-10735, slip op. 6809, 6816-17 (9th Cir. June 24, 1994). The district court should have the opportunity to determine in the first instance whether, in light of this holding, Albertino qualifies for the additional adjustment under section 3E1.1(b)(2). Accordingly, we VACATE Albertino's sentence and REMAND to allow the district court to reconsider this issue in light of Kimple. Albertino may raise no other issue on remand. Cf. United States v. Caterino, No. 93-50184, slip op. 7655, 7662-63 (9th Cir. July 14, 1994).
 
 II
 Margarito Penaloza-Bustos's Sentence
 
 9
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Margarito's attorney filed a request to withdraw as counsel of record and submitted a brief identifying one potential issue for review: whether the district court erred by declining to depart downward from the applicable Guidelines range of 30 to 37 months based on Margarito's youth (18 years of age) when he committed the offense of conviction, and the possibility that he might contribute to the support of his infant daughter. Margarito has not submitted a pro se brief.
 
 
 10
 Ordinarily, youth and family responsibilities are not valid bases for departure. U.S.S.G. Secs. 5H1.1, 5H1.6; see also United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991) (absent extraordinary circumstances, family responsibilities insufficient to justify departure). Our review of the record reveals no unusual circumstances that might warrant an exception to the Guidelines policy, or any other sentencing error.
 
 
 11
 The motion of Margarito's counsel to withdraw is GRANTED and the sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Bustos-Solano's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3