66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Melvin PARSONS, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellant/Cross-Appellee,
v.
Melvin PARSONS, Defendant-Appellee/Cross-Appellant.
 Nos. 94-50388, 94-50460.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1995.
Decided Sept. 7, 1995.
 
 Before: THOMPSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Melvin Parsons was convicted of four counts of willfully subscribing to false income tax returns and sentenced to five years' probation. The government appeals from the sentence imposed, and Parsons cross-appeals from his conviction. We affirm the conviction but remand for resentencing.
 
 
 3
 Parsons first argues that the district court improperly shifted the burden of proof by requiring him to show good faith as an affirmative defense to willfulness. The materials before us show that both parties and the district court all recognized that good faith is not an affirmative defense to, but a factor that can negate a showing of willfulness with respect to the crimes charged. See Cheek v. United States, 498 U.S. 192, 201-202 (1991). We will not take out of the context of a three-day trial and view in isolation the court's single mention of good faith as an affirmative defense, particularly in light of Parsons' failure to timely object thereto.
 
 
 4
 Parsons also claims that there was insufficient evidence of willfulness to support his conviction. Our review shows that there was sufficient evidence for the trier of fact to find Parsons guilty on all four counts; Parsons' contention amounts to a recharacterization of the evidence in a light most favorable to him rather than the prosecution. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 A district court must sentence a defendant within the applicable Guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines[.]" 18 U.S.C. Sec. 3553(b). After determining that the Guideline range was 27-33 months imprisonment, based on an offense level of 18 and a criminal history category of I, the court imposed a sentence of probation, citing five grounds as support for its departure:
 
 
 6
 (1) Parsons' intent to evade taxes, while proven at trial, was partially offset by the court's belief that he eventually would have reported the income;
 
 
 7
 (2) Parsons' age (65 at time of sentencing);
 
 
 8
 (3) Parsons' retirement;
 
 
 9
 (4) Doubt as to any benefit from incarceration; and
 
 
 10
 (5) The length of the investigation.
 
 
 11
 The first factor was taken into consideration by the Sentencing Commission in formulating the Guidelines.[1] See U.S.S.G. Sec. 2T1.3 (since deleted by consolidation with Sec. 2T1.1 on Nov. 1, 1993) and Tax Table at Sec. 2T4.1. As for the second factor, age ordinarily will not justify a downward departure in the absence of a correlating factor, such as infirmity. See U.S.S.G. Sec. 5H1.1, p.s. To the extent the court viewed the third factor as an indication that Parsons would be unlikely to commit similar crimes in the future, this was also taken into consideration by the Commission. See e.g. U.S.S.G. Sec. 4A1.3, p.s. As to the fourth factor, we note that "a general statement about the injustice of imprisonment ... is not a sufficient basis for departure." United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991). Finally, the complexity of the case and Parsons' having twice agreed to extend the time, disposes of the fifth factor.
 
 
 12
 As we find no merit to any of Parsons' remaining arguments, the conviction is AFFIRMED, the sentence is VACATED and the case is REMANDED for resentencing.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In any event, the court's belief that Parsons eventually would have reported the income is largely beside the point. By his own admission, Parsons intended to report the income only in a way that would have permitted him to pay less income tax than he owed