114 F.3d 1196
 79 A.F.T.R.2d 97-2853
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin PARSONS, Defendant-Appellant.
 No. 96-50496.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1997.
Decided May 23, 1997.
 
 Before: WALLACE, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Parsons appeals from the sentence imposed by the district court, following a prior remand from this court. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate and remand.
 
 
 3
 Parsons was convicted of four counts of willfully subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). The district court calculated an offense level of 18 under the Sentencing Guidelines, and a Criminal History category of I. It then departed downward 12 levels, to an offense level of 6, and sentenced Parsons to a five year probation term and a fine of $50,000. The district court justified that departure on the following grounds: (1) the court's conclusion that Parsons never intended to evade payment of taxes entirely, but merely to defer them to a later year; (2) Parsons's age; (3) the fact that Parsons was retired; (4) the court's doubt as to the potential benefits of incarceration in this case; and (5) the unusual length of the underlying investigation.
 
 
 4
 On appeal, we reviewed the district court's application of the Sentencing Guidelines de novo, and vacated and remanded to the district court for resentencing. We held that the first and third factors relied upon by the district court to justify its downward departure were already "adequately taken into consideration by the Sentencing Commission in formulating the guidelines," under 18 U.S.C. § 3553(b). We also held that "age ordinarily will not justify a downward departure in the absence of a correlating factor, such as infirmity," and that "a general statement about the injustice of imprisonment ... is not a sufficient basis for departure." United States v. Parsons, No. 94-50388 (9th Cir.1995) (unpublished memorandum disposition), quoting United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991). Finally, we held that "the complexity of the case and Parsons' having twice agreed to extend the time, disposes of the fifth factor." Id.
 
 
 5
 While the case was again pending before the district court on remand, the United States Supreme Court decided Koon v. United States, 116 S.Ct. 2035 (1996). Koon dramatically altered the standards governing appellate review of federal sentencing under the Guidelines. The Supreme Court held that a district court may depart for any reason not categorically prohibited by the Guidelines, as long as that factor "as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guidelines." Id. at 2051. The court of appeals should then review the district court's decision to depart only for abuse of discretion. Id. at 2047-48.
 
 
 6
 In light of Koon, our prior decision in this case in which we applied a de novo standard of review was in error. Nevertheless, the district court apparently thought itself bound by that decision when resentencing Parsons. That deference was unnecessary. Ordinarily, new decisions of the Supreme Court should be applied to cases then pending before all lower federal courts. E.g., United States v. Lancellotti, 761 F.2d 1363 (9th Cir.1985); United States v. Matthews, 5 F.3d 1161 (8th Cir.1993).
 
 
 7
 Koon vests initial discretion over the appropriateness of a departure in the district court, and it is inappropriate to burden that discretion now by our speculating about the application of Koon's principles to this case. "After Koon, the district court is now required to consider the 'structure and theory of both relevant individual guidelines and the Guidelines taken as a whole [to] decide whether [the factor] is sufficient to take the case out of the Guideline's heartland.' " United States v. Charry Cubillos, 91 F.3d 1342, 1345 (9th Cir.1996), quoting Koon, 116 S.Ct. at 2045). We remand this case to the district court to make the "refined assessment" of the facts relative to each of the factors it initially relied upon in granting its downward departure. See Charry Cubillos, 91 F.3d at 1345.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3