**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30108 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00137-JLR-1 |
| v. | |
| RICHARD THOMAS ZIESKE, AKA Richard Zieske, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted July 12, 2019
Seattle, Washington

Before: BOGGS,[**] BERZON, and WATFORD, Circuit Judges.

**1.** The government's introduction of evidence concerning the Tae Lee

scheme did not constitute a variance from the indictment. A variance occurs when

the trial evidence "enabled the jury to base a finding of guilt on a fact other than

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

the element stated in the indictment." *United States v. Bhagat*, 436 F.3d 1140, 1147 (9th Cir. 2006). The evidence regarding Lee, even if it fell outside the wire-fraud scheme charged in the indictment, did not provide factual support for the charged offenses. Each of the wire-fraud counts was predicated on conduct involving victim Roy Bala that occurred before Richard Zieske ever approached Lee for money. Evidence concerning the Lee scheme thus did not give the jury an alternative, uncharged factual basis on which to convict Zieske of the charged offenses.

2. We need not decide whether evidence concerning the Lee scheme was admissible as direct evidence of the charged offenses or as evidence of fraudulent intent under Federal Rule of Evidence 404(b). Even if the evidence should have been excluded, the other evidence introduced at trial—including Bala's extensive testimony and the many financial records of Zieske's expenditures, prospectuses, and bank accounts—provided overwhelming evidence of guilt. *See United States v. Lloyd*, 807 F.3d 1128, 1168 (9th Cir. 2015). Any error in admitting evidence of the Lee scheme was harmless.

3. The district court did not abuse its discretion by admitting Zieske's 2005 plea agreement as direct evidence of the charged offenses. To prove wire fraud, the government was required to show that Zieske intentionally made materially false representations to Bala, which included misstatements about Zieske's

criminal history and investment experience. The factual recitation in the plea agreement was relevant to showing that Zieske had not, as he told Bala, "[taken] a fall for some people," but had instead personally orchestrated a large-scale fraud scheme, thereby rendering his statements deliberately misleading. Contrary to Zieske's contention, admitting the fact of conviction alone would not have been adequate for these purposes. Bala conceded at trial that Zieske had vaguely acknowledged a prior conviction, but Bala testified that had he known the specifics underlying that conviction he would never have invested with Zieske. The specifics themselves were therefore necessary to show what Zieske omitted.

**4.** Zieske's challenges to the length of his sentence are without merit. First, the district court properly calculated the loss amount. Although Zieske lost some of Bala's money in the stock market, those losses were correctly included in the loss calculation. But for Zieske's fraudulent conduct, Bala would not have invested his money with Zieske in the first place. *See Lloyd*, 807 F.3d at 1177. The money Zieske took from Lee was also correctly included in the loss calculation, since it was "part of the same course of conduct" as the wire-fraud scheme. U.S.S.G. § 1B1.3(a)(2); *see id.* cmt. n.5(B)(ii). Even if defrauding Lee involved a separate scheme not charged in the indictment, it was very close in time to the Bala fraud, involved a victim Zieske met at the same dojo, and was motivated by the same purpose—to collect cash. *See United States v. Armstead*,

552 F.3d 769, 778–79 (9th Cir. 2008).

Second, the district court properly imposed the sophisticated-means and vulnerable-victim enhancements. Zieske's scheme involved creating deceptive bank-account names, *United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013), using several different accounts, *United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013), and manufacturing false documents, *United States v. Tanke*, 743 F.3d 1296, 1307 (9th Cir. 2014). We have held that each of these actions can support a sophisticated-means enhancement. As for the vulnerable-victim enhancement, which we review only for plain error, it may be imposed when a victim is targeted because of a known susceptibility. *See* U.S.S.G. § 3A1.1. Financial vulnerability, when acute and reasonably known to the perpetrator, qualifies. *United States v. Peters*, 962 F.2d 1410, 1417–18 (9th Cir. 1992). Here, Zieske knew that Bala was no longer able to work and struggling to make ends meet with the limited savings he had left in his retirement account. This fact made Bala an easy mark, and it qualifies him as a vulnerable victim.

Third, the 72-month sentence Zieske received for his fraud convictions is substantively reasonable. The sentence falls within the correctly calculated guidelines range, which is typically reasonable. *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008). Zieske's sole contention is that the district court should have granted him a downward variance to reflect the restitution he had already

paid. Although Zieske had indeed made some payments to Bala, those payments were by no means exceptional enough to require the court to grant a downward variance. *See* U.S.S.G. § 5K2.0(d)(5) (policy statement); *see also United States v. Berlier*, 948 F.2d 1093, 1095–96 (9th Cir. 1991) (vacating variance granted for full restitution), *overruled on other grounds by Koon v. United States*, 518 U.S. 81 (1996).

**5.** The district court did, however, err in requiring Zieske to pay restitution to Lee. The government conceded that a court may order the payment of restitution only to victims who are "harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern" charged in the indictment. 18 U.S.C. § 3663A(a)(2). The government charged Zieske with a scheme whose essence was to entice investors to "invest the[ir] money in securities." The indictment's reference to "other investors" must be read in the context of the scheme's description, which fundamentally charges a securities scheme. The scheme targeting Lee involved an investment in Zieske's lighting business and was not part of the fraudulent activity charged in the indictment. We therefore vacate the portion of Zieske's sentence requiring him to pay restitution to Lee.

**AFFIRMED in part; VACATED in part.**