12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shirley F. CROWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan JULIAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lora G. HORNER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara Ellen BURRELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Annie Varner REOMER, Defendant-Appellant.
 Nos. 92-10493, 92-10495, 92-10611, 92-10702, 93-10011.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.*
Decided Nov. 29, 1993.
 
 1
 Before: TANG, TROTT and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Shirley F. Crowell, Alan Julian, Lora G. Horner, Barbara Ellen Burrell and Annie Varner Reomer appeal their convictions and sentences arising from their participation in a conspiracy to distribute dilaudid in violation of 21 U.S.C. Secs. 841(a), 846. We affirm the convictions and sentences, except we vacate the sentences of Julian and Crowell and remand for a determination of relevant conduct pursuant to U.S.S.G. Sec. 1B1.3 (Nov. 1990).[1]
 
 DISCUSSION
 A. Jury Selection
 
 4
 Crowell claims that the district court erred in refusing to ask certain suggested voir dire questions regarding the jury panel's views on the war on drugs, drug dealers and aiders and abettors of drug dealers.[2] The court's supplemental questions were adequate to test the panel for bias or prejudice regarding drug use and drug laws. Crowell's questions 4, 5, 6 and 8 were argumentative, see United States v. Toomey, 764 F.2d 678, 683 (9th Cir.1985), cert. denied, 474 U.S. 1069, 106 S.Ct. 828, 88 L.Ed.2d 799 (1986), and related to punishment, which is not the jury's concern. Question 10, relating to the accused's rights, has been disapproved. Kanekoa v. City & County of Honolulu, 879 F.2d 607, 614 (9th Cir.1989), cert. denied, --- U.S. ----, 111 S.Ct. 2055, 114 L.Ed.2d 460 (1991). The district court did not abuse its discretion. See Toomey, 764 F.2d at 682.
 
 B. Suppression of Wiretap Evidence
 
 5
 Crowell, Julian and Horner challenge the district court's denial of a motion to suppress wiretap evidence on the ground that DEA Diversion Investigator Barbara Roberts was not authorized to conduct the wiretap. The motion was properly denied as untimely. 18 U.S.C. Sec. 2518(10); Fed.R.Crim.P. 12(f). The wiretap affidavit, which appellants had prior to trial, described Roberts as a Diversion Investigator. Roberts' testimony was not required to ascertain whether a Diversion Investigator may conduct wire interceptions pursuant to 18 U.S.C. Sec. 2518.
 
 
 6
 The motion to suppress was also meritless. A wire interception may be conducted by an authorized investigative or law enforcement officer. 18 U.S.C. Sec. 2518(5). An investigative or law enforcement officer is an officer of the United States empowered by law to conduct investigations of drug offenses. Id. Sec. 2510(7). DEA Diversion Investigators are empowered to investigate offenses under Title 21. See 21 C.F.R. Sec. 1316.21(a). Moreover, the wiretap order specifically authorized Diversion Investigators to conduct the wiretap.
 
 C. Evidence of 20-Year Conspiracy
 
 7
 Quincy Drew and Anne Stelzriede testified that they and other persons charged with conspiracy were involved in the sale of dilaudid as far back as 1973. Julian, Crowell and Horner did not object to this evidence in the district court, but now claim that admission of the testimony constituted plain error. See United States v. Gomez-Gallardo, 915 F.2d 553, 555 (9th Cir.1990).
 
 
 8
 The testimony was relevant to show the structure and beginning date of the conspiracy--at least as early as June 1989. See United States v. Lai, 944 F.2d 1434, 1439 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992). The evidence did not involve prior "bad acts" of these appellants, who did not join the conspiracy until 1989 and 1990. See United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991). The district court's limiting instructions were sufficient to guide the jury's consideration of the evidence. See United States v. Butcher, 926 F.2d 811, 816-17 (9th Cir.1991). The evidence was not unfairly prejudicial. This single piece of evidence did not so prejudice the jury that the fairness of the trial was affected. See Gomez-Gallardo, 915 F.2d at 555. There was no plain error.
 
 
 9
 D. Prosecutorial Misconduct: Reference to Heroin
 
 
 10
 Crowell claims that references to heroin by Drew and DEA Investigator Roberts constituted prosecutorial misconduct.[3] The prosecutor did not ask for the response from either witness. Drew's testimony was stricken. No objection was made to Roberts' testimony. Two references to heroin did not, in the context of the entire trial, render the trial unfair. See United States v. Weitzenhoff, No. 92-10105, slip op. 8205, 8225-28, 1993 WL 286783 (9th Cir. Aug. 3, 1993); United States v. Christophe, 833 F.2d 1296, 1300-01 (9th Cir.1987).
 
 E. Sentencing[4]
 1. Relevant Conduct
 
 11
 Horner, Julian and Crowell assert that the district court did not properly determine the relevant conduct of coconspirators. In sentencing a conspirator, the district court must make express factual findings regarding the quantity of drugs distributed by the conspiracy that was reasonably foreseeable by, and within the scope of the agreement of, each defendant. United States v. Petty, 992 F.2d 887, 890-91 (9th Cir.), petition for cert. filed, 62 U.S.L.W. 3188 (U.S. Aug. 24, 1993) (No. 93-370); United States v. Conkins, 987 F.2d 564, 572-73 (9th Cir.1993). Those findings are reviewed for clear error. United States v. Sanchez, 967 F.2d 1383, 1384 (9th Cir.1992).
 
 
 12
 The district court found that Lora Horner did not enter the conspiracy until June 1, 1990. The court set her offense level at 32, based on the quantity of drugs distributed from June through November 1990. Horner claims that she did not have notice of the facts on which the court based its decision, that the facts were not proved by a preponderance of the evidence, and that the court did not address whether the conduct of coconspirators was foreseeable by her. However, at the sentencing hearing, the only question raised by Horner was the date on which she entered the conspiracy. Ordinarily, we will not consider an issue not raised in the district court. See, e.g., United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991). We need not do so here. However, if Horner had properly raised the foreseeability issue, the facts presented by the government at sentencing were sufficient to prove that Lora Horner knew about Ed Horner's distribution activity and therefore all the pills distributed by Ed Horner during the months in which Lora Horner was a member of the conspiracy were reasonably foreseeable by her and within the scope of her agreement. The only fact of which Lora Horner's counsel allegedly did not have notice was that Lora Horner's husband, John, was involved in dilaudid distribution.
 
 
 13
 Even if the district court erred in its factual finding that Lora Horner joined the conspiracy on June 1, the error is harmless. Horner admitted that she joined the conspiracy on August 28, 1990, when she obtained her first prescription. The quantity of dilaudid distributed September-November was equivalent to 1,397 kilograms of marijuana, and the quantity distributed June-November was equivalent to 2,652 kilograms of marijuana. Both result in an offense level of 32. U.S.S.G. Sec. 2D1.1(c)(6). Horner was given the lowest sentence in the Guideline range. The error, if any, is not reversible.
 
 
 14
 The district court did not make any findings as to when Crowell and Julian entered the conspiracy. Neither Crowell nor Julian objected to the offense level determination in the district court. However, the government concedes that Julian's sentence should be vacated and remanded for the district court to make the findings required by U.S.S.G. Sec. 1B1.3. Because the same error affected Crowell's sentence, and manifest injustice would result if Julian's sentence were vacated and Crowell's was not, Crowell's sentence is also vacated and remanded for findings as to when she entered the conspiracy and whether distributions by other conspirators were foreseeable by her. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992).
 
 2. Downward Departure for Lora Horner
 
 15
 The district court stated that it did not have legal authority to depart, but if it did have legal authority it would consider exercising its discretion. Therefore, this court has jurisdiction to review the district court's decision. See United States v. Brown, 985 F.2d 478, 480-81 (9th Cir.1993).
 
 
 16
 Horner asked the district court to depart downward based on her family and community ties, good character, and the fact that she was drawn into the conspiracy following the tragic death of her husband. To the extent that the district court determined that these circumstances do not generally constitute a legal ground for departure, the court did not err. See United States v. Miller, 991 F.2d 552, 553 (9th Cir.1993); United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991); U.S.S.G. Secs. 1B1.4, 5H1.6. Also, to the extent that the district court determined that Horner's circumstances were not extraordinary, the court did not err. Although Horner's grief over the death of her husband and her resulting vulnerability to the influence of Ed Horner is understandable, it was not so extraordinary as to warrant a departure.
 
 3. Eighth Amendment
 
 17
 Crowell's sentence, which is within the statutory maximum and based on individualized application of the Sentencing Guidelines, is not in violation of the Eighth Amendment. See, e.g., United States v. Bland, 961 F.2d 123, 128-29 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 170, 121 L.Ed.2d 117 (1992); United States v. Mondello, 927 F.2d 1463, 1467 (9th Cir.1991); United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991).
 
 F. Withdrawal of Burrell's Guilty Plea
 
 18
 "[T]he court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). "However, it is well established that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea." United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990). The plea agreement signed by Barbara Burrell did not estimate the sentence range and expressly disclaimed any prediction of the applicable range. At the plea hearing, defense counsel acknowledged that estimation of the range was very difficult. The record clearly indicates that Burrell understood that she could be sentenced to 20 years (or even more) imprisonment, that she could not rely on what counsel told her, that the court's sentence determination would control, and that she would not be permitted to withdraw her plea. Burrell has not suggested that she has a defense to the charges. The district court did not abuse its discretion in refusing to permit Burrell to withdraw her guilty plea. United States v. Zweber, 913 F.2d 705, 710-11 (9th Cir.1990).
 
 
 19
 Nor does defense counsel's erroneous estimate render the guilty plea involuntary. See Zweber, 913 F.2d at 711; cf. Chizen v. Hunter, 809 F.2d 560, 561-63 (9th Cir.1986) (plea was involuntary when counsel misrepresented that judge was bound by sentence in plea agreement). Burrell's complaint that the government breached its promise to recommend a sentence at the bottom end of the range was not raised in the district court and need not be considered here. E.g., United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). Moreover, because the sentence was mandatory, the court had no discretion to exercise and the government had no opportunity to recommend the low end of the range. That lack of opportunity was not created by the government. The government did not breach its contractual obligation.
 
 
 20
 Finally, Burrell claims that counsel's ineffective assistance invalidated the guilty plea. Ineffective assistance claims are customarily raised by collateral attack based on a record of what counsel did, why it was done, and whether prejudice resulted. United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989), amended, 902 F.2d 18, cert. denied, 498 U.S. 819, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990). Prejudice cannot be presumed here and the factual record is inadequate to determine whether counsel's performance was deficient. We decline to address the ineffective assistance claim. See id.
 
 
 21
 G. Sufficiency of the Evidence Against Reomer
 
 
 22
 There was ample evidence of the existence of a conspiracy to distribute dilaudid headed by Quincy Drew and Ed Horner. Reomer asserts there was insufficient evidence to connect her to that conspiracy. "Evidence of even a slight connection, if proven beyond a reasonable doubt, is sufficient to convict a defendant of knowingly participating in an established conspiracy. Such connection to a conspiracy may be inferred from circumstantial evidence." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991) (citation omitted).
 
 
 23
 We have reviewed the record and we are satisfied that the evidence was sufficient to find Reomer guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979).
 
 
 24
 The sentences of Julian and Crowell are VACATED and remanded for factual findings under U.S.S.G. Sec. 1B1.3. In all other respects, all of the convictions and sentences are AFFIRMED.
 
 
 
 *
 The panel finds that United States v. Crowell, No. 92-10493, United States v. Horner, No. 92-10611, and United States v. Reomer, No. 93-10011, are appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references to the Sentencing Guidelines are to the version effective November 1, 1990
 
 
 [2]
 Julian joins Crowell's argument on appeal, although he did not request specific voir dire questions
 
 
 [3]
 Julian joins this argument on appeal. He did not object to the testimony in the district court
 
 
 [4]
 Horner, Julian and Crowell claim that the district court erred in calculating the drug quantity based on the gross weight of the dilaudid tablets. That issue is addressed in a published opinion which is filed this date