**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Bobbi L. BRAND, Defendant–Appellee.**

**No. 89–5213.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 9, 1990.

Decided June 21, 1990.

Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WIDENER, Circuit Judge:

The government appeals the sentence imposed on Bobbi L. Brand, contending that the district court erred in departing downward from the applicable sentencing guidelines range. We vacate the sentence imposed and remand for resentencing in a manner not inconsistent with this opinion.

Bobbi L. Brand pleaded guilty to a one-count indictment that charged her with distributing two grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Because the offense was committed after November 1, 1987, Mrs. Brand's sentence was governed by the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551 *et seq.*, and the sentencing guidelines promulgated by the United States Sentencing Commission. All parties agree that the applicable sentencing guidelines range for Mrs. Brand's offense is 10 to 16 months' incarceration.[1]

At the sentencing hearing, the court focused on Mrs. Brand's two children, ages seven and one and one-half. She noted that she was in the process of separating from her second husband, with whom, according to the pre-sentence report, she was engaged in a bitter custody battle. Fully expecting to go to jail, Mrs. Brand stated that the older child was going to live with her foster parents in Pennsylvania and the younger one would live with her mother-in-law because neither of the proposed custodians could care for both children. Pursuant to the plea agreement, the government recommended the minimum sentence under the guidelines range, 10 months.[2]

After recognizing that the guidelines provide that "[f]amily ties and responsibilities and community ties are not ordinarily

David E. Godwin, Asst. U.S. Atty., Clarksburg, W.Va. (William A. Kolibash, U.S. Atty., Robert H. McWilliams, Asst. U.S. Atty., Wheeling, W. Va., on brief), for plaintiff-appellant.

George F. Fordham, Clarksburg, W. Va., for defendant-appellee.

1. The undisputed pre-sentence report reflects that the weight of the cocaine Mrs. Brand distributed translates to level 14 of the guidelines. Based on a criminal history category of I, and after a two-level reduction for her acceptance of responsibility, the *total offense level is 12,* which translates as 10 to 16 months' incarceration. The sentencing level was apparently determined by using the .43 grams of cocaine base which the 2 grams of cocaine converted to when "cooked" by the defendant.

2. We note that pursuant to U.S.S.G. § 5C1.1(d) a sentence of five months' imprisonment followed by five months of community confinement (residence in a community treatment center, halfway house, or similar residential facility) or home detention could have been imposed.

relevant in determining whether a sentence should be outside the guidelines," U.S.S.G. § 5H1.6, the court noted that "what you tell us here this morning is that in effect, strangers will be taking your two children." The court went on to recount the unfortunate circumstances that Mrs. Brand had endured during her "most impressionable years," including a teenage pregnancy that caused her to drop out of school and lack of proper parental guidance, and commended Mrs. Brand for attempting to stay gainfully employed and for trying to be a good mother. Finally, the court determined that "[t]he carrying forward of the guideline range of imprisonment ... would have a devastating impact upon the emotions, mind and the physical well being, just every aspect, of two very innocent youngsters to be separated from you." The court then departed downward and sentenced Mrs. Brand to five years' probation and a $50.00 special assessment.[3]

Under the sentencing guidelines, a court must impose a sentence within the guidelines range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). The district court properly recognized that, because section 5H1.6 of the guidelines contains the qualifying word "ordinarily," the guidelines leave open the possibility of a downward departure based on family responsibilities in extraordinary circumstances. See *United States v. Gonzalez*, No. S 88 CR. 559, 2 Fed.Sent.R. 81 (S.D.N.Y. July 27, 1989) (departing from guidelines where father was in prison and imprisonment of mother would place minor children at hazard). The sole question we consider, therefore, is whether Mrs. Brand's family responsibilities were extraordinary.

■ We evaluate the district court's departure under a standard of reasonableness, 18 U.S.C. §§ 3742(e)(3), 3742(f)(2), which we have determined may vary, depending on the specific part of the decision to depart that we address. For fact finding in the ascertainment of conditions which may exist to justify a departure, the clearly erroneous standard applies. See *United States v. Summers*, 893 F.2d 63, 66–67 (4th Cir.1990). In this case, the district court's implicit finding that the situation was extraordinary was clearly erroneous.

■ The factors identified by the district court, and specifically the fact that Mrs. Brand's children would be separated and placed with "blood strangers," would have been perfectly relevant before the advent of the sentencing guidelines and, obviously, quite sufficient even if there had been sentence review. But such a situation is not extraordinary. A sole, custodial parent is not a rarity in today's society, and imprisoning such a parent will by definition separate the parent from the children. It is apparent that in many cases the other parent may be unable or unwilling to care for the children, and that the children will have to live with relatives, friends, or even in foster homes. We, indeed, have only recently affirmed a district court's refusal to depart downward based on quite similar mitigating circumstances:

> [The defendant] has shown nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts spousal and parental relationships, and that current criminal behavior can often be partially explained by childhood abuse and neglect.

*United States v. Daly*, 883 F.2d 313, 319 (4th Cir.1989). Although there doubtless are circumstances in which unique family responsibilities might justify a downward departure, those circumstances are not present here. Mrs. Brand's situation, though unfortunate, is simply not out of the ordinary.

---

3. Because we vacate the sentence imposed, we do not address the government's argument that the district court erred in imposing probation for a felony and failing to impose a fine, order of restitution, or community service. See U.S.S.G. § 5B1.3(c).

Accordingly, we vacate the sentence imposed and remand with instructions to the district judge to resentence the defendant in a manner not inconsistent with this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS [4].

---

4. Although no issue is made of the matter on appeal, we note some difference between the original of the indictment found at page 6 of Volume 1 of the record, and a copy of the indictment found at page 1a of the Joint Appendix. In the papers which have been transmitted to us on appeal, we find no explanation for the difference. Especially because the case is remanded in any event, we invite the attention of the parties and the district court to the documents we have just mentioned so that if there is any significance to the difference we have noted, that matter may be the subject of inquiry upon remand rather than later.