8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
April Glorianna JACKSON, Defendant-Appellant.
 No. 93-5334.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson E. Legg, District Judge. (CR-92-264)
 Claudia Barber, Laurel, Maryland, for Appellant.
 Gary P. Jordan, United States Attorney, Susan M. Ringler, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 April Glorianna Jackson appeals the sentence imposed by the district court on her guilty plea to aiding and abetting an assault during a bank robbery, 18 U.S.C. §§ 2, 2113(d) (1988). She contends that the district court failed to understand its authority to depart for extraordinary personal circumstances, and clearly erred by finding (1) that she was more than a minimal participant, and (2) that she had not rendered substantial assistance. We affirm in part and dismiss in part.
 
 
 2
 Jackson stipulated to a statement of facts attached to her plea agreement which established that her boyfriend and two other men told her on the morning of the bank robbery that they planned to rob a bank in Annapolis, Maryland. They asked her to case the bank, which she did. She then drove them in her rental car to a K-Mart where they bought BB guns, and left her rental car with them. After they robbed the bank, they bicycled to the rental car which was parked a few blocks away, and drove to Baltimore. Jackson's boyfriend called her on her beeper and told her to come to their motel in Baltimore. She did, and saw them counting and dividing the $203,888 they had stolen. She used some of the money to buy food for everyone, drove them to a store to get a compound for removing dye from the money, and later drove her boyfriend to New York while the other two men took a train to New York.
 
 
 3
 A provision of Jackson's plea agreement promised a government motion for a departure pursuant to guideline section 5K1.1, p.s.* in return for her substantial assistance in an unrelated investigation of a suspect in Annapolis who was known to her. On March 26, 1993, shortly before the sentencing hearing, the government gave notice that it would not move for a departure and that Agent Michael Collins, Federal Bureau of Investigation, would testify about her lack of cooperation. Jackson objected to Collins's testimony on the ground that the government had failed to abide by a court order asking the parties to give notice of witnesses to be called at sentencing by March 22, 1993. At the same time, Jackson moved to enforce the plea agreement, asserting that she had provided substantial assistance.
 
 
 4
 The district court overruled Jackson's objection to Collins's testimony, finding that it was necessary for a determination of the extent of her cooperation. After hearing testimony from Collins and Jackson, the district court decided that Jackson had not rendered substantial assistance. The district court awarded her a three-level downward adjustment under guideline section 3B1.2 for having a minor role in the robbery, but refused to find that she was a minimal participant. The court also refused to depart on the grounds of her age (22), her two small children, and the hardship that caring for the children during her incarceration would cause her elderly mother.
 
 
 5
 On appeal, Jackson argues that she was denied a fair hearing on the issue of substantial assistance when the district court considered Collins's testimony despite the government's late notice. We find no denial of due process. In the sentencing proceeding, the district court may consider any reliable information. U.S.S.G.s 6A1.3, p.s.; United States v. Bowman, 926 F.2d 380 (4th Cir. 1991). While the defendant has a due process right to adequate notice of information to be used against him, and must have an opportunity to rebut or explain that information, see Bowman, 926 F.2d at 382, this requirement was fulfilled in Jackson's case.
 
 
 6
 A refusal to depart may be appealed only if the district court believes it lacks the authority to depart. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). At the beginning of the sentencing hearing, the district court advised Jackson that the reasons she was advancing for a departure-her age and the effect of her imprisonment on her children-were not grounds for departure. However, the court later heard the evidence she put forward to justify a departure, after first reading aloud guideline sections 5H1.1, p.s. (age) and 5H1.12, p.s. (family responsibilities), which provide that these factors are not ordinarily relevant to sentencing. The court then imposed sentence without departing. While the court did not address its authority to depart for extraordinary circumstances, Jackson's evidence did not show that her situation approached the extraordinary. See United States v. Brand, 907 F.2d 31, 33 (4th Cir. 1990) (departure not warranted for defendant who is single parent of young children). We cannot say on this record that the district court failed to understand its authority to depart for extraordinary family circumstances. We have considered the material submitted by Jackson as an addendum to her brief and it does not alter our view.
 
 
 7
 Finally, we find that the district court was not clearly erroneous when it decided that Jackson was not a minimal participant. Although she did not participate directly in the robbery, Jackson facilitated it both before and after the event. She did not demonstrate lack of knowledge or lack of understanding of the activities of her codefendants. U.S.S.G. § 3B1.2(a).
 
 
 8
 We therefore affirm the judgment of the district court, except for that portion of the appeal which challenges the district court's decision not to depart for substantial assistance, which is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)