68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David LANCASTER, Defendant-Appellant.
 No. 95-5122.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1995.
Decided Oct. 11, 1995.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. William B. Traxler, Jr., District Judge. (CR-94-694)
 Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Lancaster appeals his conviction and sentence for possessing methamphetamine with intent to distribute. Lancaster's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Lancaster was informed of his right to file a supplemental informal brief, but he failed to do so. After a complete review of the record, we affirm.
 
 
 2
 During a routine traffic stop, officers of the South Carolina Highway Patrol searched Lancaster and the truck in which he was traveling. They found a small package of methamphetamine in Lancaster's pocket, and two vials of methamphetamine in a gym bag in the truck.
 
 
 3
 Lancaster was charged with possession of methamphetamine with intent to distribute. He initially elected to go to trial, but after jury selection he entered a guilty plea. He did not enter into a plea agreement with the Government. The court conducted a full Fed.R.Crim.P. 11 hearing and accepted Lancaster's guilty plea. The court sentenced Lancaster to twenty-seven months imprisonment, the lowest sentence in the applicable guidelines range of twenty-seven to thirty-three months. Further, Lancaster was sentenced to two years of supervised release and a mandatory special assessment of $50.
 
 
 4
 Lancaster sought a downward departure pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 5H1.6 (Nov.1994), for extraordinary family responsibilities. Lancaster has an adult son and daughter, and an eleven-year-old son. He argued to the district court, and contends on appeal, that his sentence should be reduced because his ex-wife, who has had severe mental and drug abuse problems, is unable or unwilling to care for the youngest child. During Lancaster's incarceration, the child would have to reside either with his paternal grandmother, whom Lancaster asserted was not capable of caring for him, or Lancaster's then-girlfriend, whom he planned to marry shortly after sentencing. The district court declined Lancaster's motion for downward departure, reasoning that although Lancaster's incarceration would be difficult for the child, Lancaster's position was no different than that of many defendants, and did not qualify as extraordinary. Lancaster timely appealed.
 
 
 5
 Lancaster's attorney has filed an Anders brief asserting that there are no meritorious issues on appeal, but raising two claims. Specifically, counsel contends that the plea hearing conducted by the district court did not fully comply with Rule 11, and that the court erred in refusing to depart downward under USSG Sec. 5H1.6.
 
 
 6
 The district court conducted a plea hearing in accordance with Fed.R.Crim.P. 11. During the hearing, the court inquired as to Lancaster's competence and his understanding of the proceedings. The court ensured that Lancaster understood the charges against him, the penalties he faced, and his rights to a jury trial, assistance of counsel, and to testify on his own behalf. Further, the court asked Lancaster whether he was satisfied with his counsel; when Lancaster stated that he was not satisfied because counsel had not explained all of the proceedings to him, the court recessed the proceedings. When the hearing resumed, Lancaster stated that he understood the proceedings and was satisfied with counsel. The court also determined, based on the prosecutor's summary of the police officer's affidavit, that there was a factual basis for the plea.
 
 
 7
 Lancaster's counsel identified no particular defect in the plea hearing, conceding that the court complied with Rule 11. The record reflects that Lancaster's plea was knowing, voluntary, and informed. We find that counsel was correct in his assessment that the court complied with Rule 11. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992). This claim is plainly meritless.
 
 
 8
 Lancaster contends that the district court erred in refusing to depart downward pursuant to USSG Sec. 5H1.6 based on his family responsibilities. However, the negative effect of the defendant's incarceration on his children does not justify a downward departure. United States v. Bell, 974 F.2d 537, 538-39 (4th Cir.1992); United States v. Brand, 907 F.2d 31, 33 (4th Cir.), cert. denied, 498 U.S. 1014 (1990). Therefore, the district court did not err in declining to depart downward.
 
 
 9
 We find no reversible error in Lancaster's conviction and sentence. Accordingly, we affirm. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED