**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4452

JOHN EISENHARDT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-95-468-S)

Submitted: April 8, 1997

Decided: July 30, 1997

Before WIDENER, HALL, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

M. Brooke Murdock, FERGUSON, SCHETELICH, HEFFERNAN &
MURDOCK, P.A., Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Joseph L. Evans, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eisenhardt appeals his sentence imposed for violating 18 U.S.C. § 371 (1994). He pleaded guilty to conspiring to distribute a sexually explicit videotape involving a minor. Eisenhardt paid three minor, male prostitutes to come to his apartment and engage in sexual encounters with an adult male. Eisenhardt videotaped the encounters and spliced the scenes together along with religious music and scenes placed throughout. Eisenhardt took the tape to the home of Basil Ketchum, left the tape with Ketchum, and it was discovered pursuant to a search of a storage locker under Ketchum's control. Eisenhardt appeals the district court's denial of three motions for a downward departure from the sentencing guidelines. We affirm.

Eisenhardt argues that the district court erred in not exercising its discretion but rather deciding as a matter of law that his requests for downward departures should be denied. He contends that in light of Koon v. United States, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (No. 94-1664, 94-8842), his sentence should be vacated and the case remanded for resentencing. We reject Eisenhardt's interpretation of the district court's action. The district court did rule as a matter of law that it could not depart but in making that determination the court considered the facts of Eisenhardt's case and the governing law in each of the three instances. We therefore proceed to determine whether the decisions may be affirmed and find that they may.

Following Koon, factors considered as grounds for departures are placed into certain categories which determine the test for finding whether departure is appropriate. See United States v. Brock, ___ F.3d ___, slip op. at 5 (4th Cir. Feb. 28, 1997) (No. 96-4405). The first factor advanced is that the sentencing guideline itself overrepresents the seriousness of Eisenhardt's conduct. This is an"unmentioned" factor and thus departure is appropriate if, taking into consideration the structure and theory of both relevant individual guidelines and the guidelines taken as a whole, the circumstances presented are sufficient to remove the case from the heartland of the applicable guideline. The district court found that the facts of this case were not sufficiently atypical to take it out of the heartland of cases falling

2

under U.S. Sentencing Guidelines Manual § 2G2.1 (1995). We find no abuse of discretion.

Eisenhardt's next proffered factor is family circumstances. This is a "discouraged" factor. See USSG § 5H1.6. Departure is permitted on this factor only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary cases where the factor is present. Brock, slip op. at 6. We find no abuse of discretion in the district court's determination that no departure was permitted based upon circuit precedent and Eisenhardt's evidence which showed that his mother may lose the family home and have to be placed in a "home" if he is incarcerated for a lengthy period. See United States v. Rybicki, 96 F.3d 754, 758-59 (4th Cir. 1996); United States v. Brand, 907 F.2d 31, 33 (4th Cir. 1990).

Eisenhardt's final proffered factor is his supposed reduced role in the offense. He did not attempt to gain a reduction for his reduced role under USSG § 3B1. This factor is an "encouraged" factor but it is taken into account in the guidelines under § 3B. See USSG § 5H1.7. The same criteria for departure applies as for his family circumstances factor. We again find no abuse of discretion in the district court's finding that his role, as the actual maker of the videotape, was not a relatively blameless one and that the departure was not warranted.

We therefore affirm the district court's refusal to depart based upon these three bases. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3