F I L E D
United States Court of Appeals
Tenth Circuit

OCT 17 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

No. 96-2292

RAPHAEL RODRIGUEZ-VELARDE,

Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR-96-164-MV)

---

Submitted on the briefs:

John J. Kelly, United States Attorney, James T. Martin, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellant.

Timothy M. Padilla, Albuquerque, New Mexico, Vernon E. Peltz, Tucson, Arizona, for Defendant-Appellee.

---

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

---

MURPHY, Circuit Judge.

---

The only issue on appeal is whether the district court abused its discretion in granting a downward departure from the sentencing range prescribed by the United States Sentencing Guidelines (U.S.S.G.) based on defendant's family responsibilities. We conclude that the circumstances presented here do not support the departure and, therefore, we reverse.[1]

On August 8, 1996, defendant pleaded guilty to Count I of a four-count indictment, which charged him with conspiracy to possess, with intent to distribute, more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846, and with aiding and abetting, in violation of 18 U.S.C. § 2. The presentence report (PSR) calculated an offense level of 28 and a criminal history category of III which, when combined, yielded a sentencing range of 97 to 121 months.

At the sentencing hearing in October 1996, defendant made an oral motion for a downward departure based on extraordinary family circumstances, namely the death of his wife. Defendant's wife was killed in an automobile accident in June 1996, subsequent to defendant's arrest, leaving behind three children, aged six, eight, and eleven. The district court granted the departure, over the government's objection, concluding that the death of defendant's wife during the

_____

[1]       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

course of the criminal proceedings was an unusual situation and one that the Sentencing Commission had not considered in promulgating the Guidelines. The court, therefore, imposed a sentence of sixty months, which was the statutory minimum sentence for defendant's offense. The government now appeals, arguing that defendant's family responsibilities are no different than those of other single parents who are sent to jail and, therefore, do not justify a departure.

A district court must impose a sentence within the Guideline range unless it determines "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). In making this determination, the court should consider only the Guidelines, the policy statements, and the commentary of the Sentencing Commission. Id.

In Koon v. United States, 116 S. Ct. 2035, 2046-48 (1996), the Supreme Court held that appellate courts should review a district court's decision to depart from the Guidelines under a unitary abuse of discretion standard. We recently held, in light of Koon, that appellate courts reviewing departure decisions should evaluate the following:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure, (3) whether the

record sufficiently supports the factual basis underlying the departure, and (4) whether the degree of departure is reasonable.

United States v. Collins, No. 96-5039, 1997 WL 437152, at *5 (10th Cir. Aug. 5, 1997). The first inquiry, whether the factors are permissible for departure, is "essentially legal," and our review "should be plenary." Id. Impermissible departure factors include "forbidden factors, discouraged factors that are not present to some exceptional degree, and encouraged factors already taken into account by the applicable guideline that are not present to some exceptional degree." Id. The second inquiry, whether the factual circumstances of the case make it atypical, is largely factual, and our review is "at its most deferential." Id. "We emphasize, however, that all four steps of the departure review are subject to a unitary abuse of discretion standard." Id.

The Sentencing Guidelines provide that "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6. Because family ties and responsibilities are a discouraged factor under the Guidelines, a district court may depart based on this factor "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present," Koon, 116 S. Ct. at 2045.

"[O]rdinary family responsibilities can be very great." United States v. Dyce, 91 F.3d 1462, 1466 (D.C. Cir.), cert. denied, 117 S. Ct. 533 (1996). In

-4-

addition, "the disintegration of existing family life or relationships . . . is to be expected when a family member engages in criminal activity that results in a period of incarceration." United States v. Canoy, 38 F.3d 893, 907 (7th Cir. 1994). Thus, the circuit courts have uniformly held that family circumstances cannot form the basis for a departure unless they are extraordinary. See, e.g., United States v. Webb, 49 F.3d 636, 638 (10th Cir.), cert. denied, 116 S. Ct. 121 (1995); Canoy, 38 F.3d at 906 (collecting cases). To justify a departure, a defendant must demonstrate that "the period of incarceration set by the Guidelines would have an effect on the family or family members beyond the disruption to family and parental relationships that would be present in the usual case." Canoy, 38 F.3d at 907.

Here, defendant made no showing about his family circumstances beyond the argument of counsel that the death of defendant's wife had effectively orphaned defendant's three children and that her death had created turmoil in the family about where the children should stay and who should be their guardian. The PSR reflected that, since the death of their mother, the children had been living with their maternal grandmother in Tucson, Arizona, and had not had any contact with defendant.

While we are not unsympathetic to the circumstances facing defendant's children, defendant has not shown that these circumstances are substantially

different than those facing the minor children of any single parent who is about to be incarcerated. "A sole, custodial parent is not a rarity in today's society, and imprisoning such a parent will by definition separate the parent from the children. It is apparent that in many cases the other parent may be unable or unwilling to care for the children, and that the children will have to live with relatives, friends, or even in foster homes." United States v. Brand, 907 F.2d 31, 33 (4th Cir. 1990).

In Webb, 49 F.3d at 638-39, we rejected a defendant's contention that his role as the sole caretaker of his minor son, who began experiencing difficulties in school after the defendant's incarceration, created an unusual family situation that justified a departure. Other circuits have also held that a defendant's status as a single parent does not constitute an extraordinary family circumstance warranting departure. See, e.g., United States v. Chestna, 962 F.2d 103, 107 (1st Cir. 1992) (single mother of four young children, including infant born after sentencing); United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991) (single mother of five children, ranging in age from eleven months to eleven years); United States v. Goff, 907 F.2d 1441, 1446 (4th Cir. 1990) (single mother of three children, aged seven, six, and two, who would have to live with ill grandmother in another state during mother's incarceration); Brand, 907 F.2d at 32-33 (sole custodial parent of two children, aged seven and eighteen months, younger of which would

live with grandmother and older of which would live with foster parents in another state); United States v. Harrison, 970 F.2d 444, 447-48 (8th Cir. 1992) (widow with adopted granddaughter, aged nine, who would have to live with mother whom defendant alleged was not competent to care for child because of "'her drinking and carousing around and dope'"); Dyce, 91 F.3d at 1467 (single mother of three young children, including infant who was being breast-fed). But see United States v. Johnson, 964 F.2d 124, 129 (2d Cir. 1992) (concluding that defendant, who "was solely responsible for the upbringing of her three young children, including an infant, and of the young child of her institutionalized [adult] daughter, . . . faced extraordinary parental responsibilities").

Nor is it "atypical for husbands and wives to commit crimes together." United States v. Pozzy, 902 F.2d 133, 139 (1st Cir. 1990). That this may result in a minor child's loss of both parents through incarceration has not justified a departure from the Guidelines. See United States v. Carr, 932 F.2d 67, 72 (1st Cir. 1991) (child four years old at time parents sentenced); Pozzy, 902 F.2d 133, 138-39 (1st Cir. 1990) (child due to be born four months after parents sentenced).

Because defendant failed to demonstrate that his family ties and responsibilities are extraordinary, the district court abused its discretion in relying on this factor to grant a downward departure from the applicable Guideline range.

Therefore, we VACATE the sentence imposed by the district court, and

REMAND for resentencing within the Guideline range of 97 to 121 months.