**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

RAPHAEL RODRIGUEZ-VELARDE,

  Defendant-Appellant.

No. 98-2059
(D.C. No. CR-96-164 MV)
(D. N.M.)

ORDER AND JUDGMENT*

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

On August 8, 1996, Defendant-Appellant Rodriguez-Velarde pleaded guilty
to one count of conspiracy to possess with intent to distribute more than 100
kilograms of marijuana, in violation of 21 U.S.C. § 846, and aiding and abetting,
in violation of 18 U.S.C. § 2. At sentencing, based on the recent death of his wife
and the resultant extraordinary family circumstances, Rodriguez-Velarde moved

---

*After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is
therefore ordered submitted without oral argument. This Order and Judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

for a downward departure from the 97 to 121 month sentencing range calculated under the Sentencing Guidelines. The district court granted his motion and sentenced Rodriguez-Velarde to sixty months, the statutory minimum sentence for his offense. The government appealed. Rodriguez-Velarde did not file a direct appeal or a cross-appeal to challenge any aspect of his sentencing.

This court found that Rodriguez-Velarde "failed to demonstrate that his family ties and responsibilities are extraordinary," and therefore held that the district court abused its discretion in granting a downward departure. United States v. Rodriguez-Velarde, 127 F.3d 966, 968 (10th Cir. 1997). We vacated the sentence and remanded "for resentencing within the Guideline range of 97 to 121 months." Id.

In accord with our instructions, the district court resentenced Rodriguez-Velarde to a 97-month prison term, the low end of the Guideline range. On appeal, Rodriguez-Velarde now challenges a three-level enhancement — based on his role as a manager or supervisor in the drug conspiracy — used to calculate the original Guideline range. Rodriguez-Velarde failed to raise this claim in any of the prior proceedings before this court or the district court.[1] Further, the district

---

[1]Rodriguez-Velarde had ample opportunity to raise his objection to the three-level enhancement for his role as a manager or supervisor of the criminal conspiracy to which he admitted being a party. Based on an agreement with the prosecutor, Rodriguez-Velarde agreed not to object to the facts in the presentence

(continued...)

court was bound by our remand to sentence Rodriguez-Velarde to the range we specified. Accordingly, we affirm.

The law of the case doctrine instructs that "findings made at one point during litigation become the law of the case for subsequent stages of that same litigation." See United States v. Webb, 98 F.3d 585, 586 (10th Cir. 1996), cert. denied, 117 S.Ct. 1097 (1997). The mandate rule compliments the doctrine of law of the case, requiring district courts to conform with an "articulated appellate remand." Id. However, the mandate rule "'is a discretion-guiding rule subject to

---

[1](...continued)
report relating to his role as a manager or supervisor in the conspiracy. See Presentence Report ¶¶ 12, 14-16, at 5-6. Pursuant to the same agreement, Rodriguez-Velarde failed to object to the inclusion in the Presentence Report of a three-point enhancement for his role in the offense. See id. ¶ 27, at 7. Rodriguez-Velarde also failed to raise the issue of his role enhancement to this court in our earlier consideration of a government sentencing appeal.

Moreover, after raising and discussing the role enhancement issue at the resentencing hearing, counsel for Defendant-Appellant, after conferring with Rodriguez-Velarde, stated "we are prepared to stand and be sentenced today to the 97 to 121 months required by the [Tenth Circuit] mandate." (United States' Appendix, at 18.) The sentencing judge responded: "All right. Which means that you are not then contesting those issues [the role enhancement] that we've just discussed?" (Id.) To which Rodriguez-Velarde's attorney responded: "That's correct, Your Honor."

Thus, it appears that Rodriguez-Velarde abandoned his claim in the district court regarding his role enhancement, and accordingly the district court did not rule on it. This court will not consider on appeal claims abandoned in the district court. See O'Connor v. City & County of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990); see also United States v. Young, 952 F.2d 1252, 1259 (10th Cir. 1991) (appellate court has no jurisdiction to decide issue which proponent abandoned and district court did not rule on).

exception in the interests of justice.'" Id. (quoting United States v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1996)). According to the rule, a district court may depart from the mandate of an appellate court only under exceptional circumstances summarized as: "(1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) that blatant error from the prior sentencing decision would result in serious injustice if uncorrected." Moore, 83 F.3d at 1234.

Rodriguez-Velarde presents no exceptional circumstances that would justify district court departure from our earlier remand instructions. First, there has been no change in controlling legal authority since Rodriguez-Velarde was first sentenced and he makes no claim of change in law. Second, Rodriguez-Velarde presents no new evidence in support of his claim. He simply claims that facts alleged in the presentence report were insufficient to support a finding that he was a manager of the drug conspiracy.

Finally, we see no error or risk of serious injustice in sentencing Rodriguez-Velarde on the basis of the three-point enhancement. Rodriguez-Velarde essentially argues that the district court erred in applying the three-point enhancement for his role as a "manager or supervisor" of a criminal activity

involving five or more participants as required by the Sentencing Guidelines.  See U.S.S.G. § 3B1.1.  We disagree.

At resentencing, the district judge, based on her assessment of witnesses' credibility, identified a number of facts establishing that Rodriguez-Velarde was a manager or supervisor in the drug conspiracy.  First, the court found that Rodriguez-Velarde directed Ms. Uebel "to go and pick up the drugs."  Second, the court found that he supervised couriers in the conspiracy.  Third, the court found that Rodriguez-Velarde was instrumental in renting the U-Haul truck that was used to transport drugs.  Finally, the court concluded that the organization in which Rodriguez-Velarde was a manager consisted of more than five participants, as is required for a three-point enhancement under U.S.S.G. § 3B1.1.

On these facts, we cannot conclude that the district court made a blatant error that could result in serious injustice if uncorrected.  Thus, no exceptional circumstances exist to justify departure from our mandate in United States v. Rodriguez-Velarde, 127 F.3d at 969.  That mandate directed the district court to sentence Rodriguez-Velarde within the 97 to 121 month range.  At resentencing, he received the lowest permissible sentence under that range.  We affirm.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge