UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                          No. 00-4777

JEFFREY LANE GIBSON,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-189)

Submitted: May 31, 2001

Decided: June 20, 2001

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jeffrey Lane Gibson appeals his conviction entered on his guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (1994). Gibson noted a timely appeal and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court erred in declining to depart downward in recognition of Gibson's family circumstance. *Cf. United States v. Brand*, 907 F.2d 31, 33 (4th Cir. 1990). The time for filing a supplemental brief has passed and Gibson has not responded, despite being informed of his right to do so. Finding that we lack the authority to review Gibson's claim of error, and discovering no reversible error in our own review of the record before us, we dismiss this appeal.

Gibson suggests that the district court's refusal to depart from the Sentencing Guidelines range based on his family's reliance on his income was reversible error. A district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. *See United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). The record establishes that the court fully considered Gibson's contentions regarding his family's situation but nonetheless found that any hardship engendered by his imprisonment did not warrant a departure from the guidelines range. *See Brand*, 907 F.2d at 33. The court's decision is not subject to appellate review. As a result, the appeal must be dismissed.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the

Forth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Gibson's appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*