**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5275**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYANT KEITH PEELE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief District Judge.  (CR-04-59-FL)

---

Submitted:  November 27, 2006        Decided:  December 18, 2006

---

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryant Keith Peele appeals his conviction and 39-month sentence pursuant to his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). His only argument on appeal is that his sentence was unreasonable.

In imposing a sentence after United States v. Booker, 543 U.S. 220 (2005), courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439).

Peele argues that the hardship his incarceration will cause his family warranted a sentence below the advisory guideline range. "This Circuit has construed downward departures based on family ties very narrowly." United States v. Maddox, 48 F.3d 791, 799 (4th Cir. 1995). We have reviewed the record, the district court's decision, and the parties' briefs on appeal, and conclude that the circumstances facing Peele, while regrettable, do not rise to the level of "extraordinary" and thus do not warrant a reduced sentence. See, e.g., United States v. Bell, 974 F.2d 537, 538 (4th Cir. 1992); United States v. Brand, 907 F.2d 31, 33 (4th Cir. 1990).

In addition, the district court properly weighed the § 3553(a) factors in determining Peele's sentence. "The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Moreland, 437 F.3d at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)). The district court adequately explained the reasons for Peele's sentence, and Peele has not rebutted the presumption that the sentence was reasonable.

Accordingly, we affirm Peele's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED